UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-220-RJC

| | |
|---|---|
| JORGE GALEAS, JR., <br> (also known as "Jorge Gevara")[1] <br>     Plaintiff, <br><br>     v. <br><br> WILLIAM HORNE, Sergeant, Lanesboro <br> Correctional Institution;[2] <br> (FNU) BENNETT, Correctional Officer, LCI; <br> (FNU) MASON, Correctional Officer, LCI; <br> (FNU) LOWERY, Correctional Officer, LCI; <br> JOHN DOE # 1, Correctional Officer, LCI; <br> (FNU) LYLES, Correctional Officer, LCI; and <br> (FNU) CURLEE, Correctional Officer, LCI, <br><br>     Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on the following pleadings and motions:

1. Plaintiff's original Complaint under 42 U.S.C. § 1983, (Doc. No. 1);

2. Plaintiff's amended Complaint under 42 U.S.C. § 1983, (Doc. No. 3);

3. Plaintiff's Motions for Reconsideration, (Doc. Nos. 4; 9; 11;15);

4. Plaintiff's Motions for Leave to Amend, (Doc. Nos. 10; 12); and

5. Plaintiff's Motions for Copies, (Doc. Nos. 16; 17).

## I. BACKGROUND

This is one of seven civil rights actions that Plaintiff currently has pending before the

---

[1] Plaintiff is identified as "Jorge Gevara" by the North Carolina Department of Correction under the same Inmate Identification Number as the one he provided to the Court.

[2] Lanesboro Correctional Institution will be referred to as "LCI" hereinafter.

Court.[3] Plaintiff alleges that on an occasion in December 2010, Defendants FNU Bennett ("Bennett"), FNU Mason ("Mason"), FNU Lowery ("Lowery"), William Horne ("Horne") and John Doe ("Doe") used excessive force against him when he failed to comply with their command that he submit to handcuffs; and that he sustained several painful short and long-term injuries as a result of their use of force. (Doc. No. 1 at 2-5). Plaintiff further alleges that on an occasion in January 2011, Defendants Horne, FNU Lyles ("Lyles") and FNU Curlee ("Curlee") threatened to use force against him, removed him from his cell and used force to take him to segregation because he failed to stand up at his door during a morning head count and refused to respond to a sergeant's questions about the incident. (Id. at 5-7). Plaintiff complains that he was not served breakfast or lunch on that date. (Id at 7). By way of relief, Plaintiff asks the Court to prosecute these Defendants, and for other relief. (Id. at 4).

By his Amended Complaint, (Doc. No. 3), Plaintiff essentially re-alleges the matters set forth in his original Complaint and also alleges that on May 7, 2011, after he filed his original Complaint, Officers Pratt and Kiker humiliated, intimidated and scared him during their search of his cell; that the search was performed in retaliation for his exercise of his First Amendment rights; that on May 14, 2011, Sergeant Aaron directed Officers Boone, Hall and Clawson to take him to segregated confinement when he was unable to stand at his door for a head count; and that Sergeant Aaron took that action in retaliation for his exercise of his First Amendment rights. (Id. at 22-25). Such Amended Complaint also seeks compensatory damages from all Defendants. (Id. at 27-28).

On May 12, 2011, the Clerk of Court entered an Order directing Plaintiff to provide

---

[3] Plaintiff's other civil rights cases in this Court are filed under case numbers 3:10-cv-354, 3:10-cv-454, 3:10-cv-517, 3:10-cv-599, 3:11-cv-163 and 3:11-cv-373.

certain financial documents relevant to his request to proceed without having to prepay the fees and costs for his case. (Doc. No. 2). After receiving the requested information, on June 8, 2011, the Clerk entered an Order granting Plaintiff's request to proceed in forma pauperis and directing LCI to remit various payments from his inmate trust account. (Doc. No. 7). No other Order has been entered in this case. Nevertheless, Plaintiff has filed four Motions for Reconsideration, three of which ask the Court to "reconsider all the documents filed in this court." (Doc. Nos. 4; 9; 15). Plaintiff also filed a Motion for Reconsideration on September 13, 2011 in which he asks the Court "for a reconsideration of denial of access to the court to present all arguments, standards of review and legal analysis for every claim in this action." (Doc. No. 11). Plaintiff's allegation in his September 13, 2011 Motion for Reconsideration that LCI has denied him access to the Court does not relate to any of the claims raised in Plaintiff's Complaint or Amended Complaint. See (Doc. Nos. 1; 3).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Indeed, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners

3

seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court has conducted an initial review of Plaintiff's Complaint and has determined that some of Plaintiff's claims shall be dismissed for failure to state a claim upon which relief may be granted. The Clerk shall prepare process for Defendants and Defendants shall respond to Plaintiff's remaining claims.

## III. DISCUSSION

### A. Failure to Exhaust

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (1996), requires that inmates exhaust available administrative remedies prior to filing civil actions. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); Porter v. Nussle, 534 U.S. 516 (2002) (holding that the PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong). Thus, exhaustion is mandatory, and unexhausted claims cannot be brought in federal court. Jones v. Bock, 549 U.S. 199, 211 (2007).

The allegations set forth in Plaintiff's Amended Complaint, (Doc. No. 3), all relate to matters that allegedly occurred on May 7 and May 14, 2011, that is, just days before he filed his Amended Complaint on May 17, 2011. As such, the Court finds that Plaintiff could not have followed the three-step grievance procedure to exhaust the claims in his Amended Complaint.

4

See North Carolina Department of Correction, Division of Prisons' Administrative Remedy Procedure, Policy .0310 (explaining three-step grievance procedure). Therefore, the allegations concerning matters that occurred on May 7 and May 14, 2011 involving proposed defendants Sergeant Aaron and Officers Pratt, Kiker, Boone and Clawson, are **DISMISSED as unexhausted**. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005) (district court may sua sponte dismiss complaint where failure to exhaust is apparent from face of complaint).

### A. Motions for Reconsideration

Because Plaintiff's Motions for Reconsideration do not seek reconsideration of either of the two Orders that have been entered in this case, all of his Motions for Reconsideration, (Doc. Nos. 4; 9; 11; 15), are **DISMISSED as moot**.

### B. Motions for Leave to Amend Complaint

Plaintiff has filed two Motions for leave to amend his Complaint. (Doc. Nos. 10; 12). Both Motions seek to add the North Carolina Department of Correction as a defendant based upon allegations that such entity is "responsible for the overall operation of the Department and each institution under its jurisdiction." (Doc. Nos. 10 at 1; 12 at 1). In addition, the second Motion for Leave seeks to add Dennis E. Marshall, Lawrence Parsons, Kory Dalrymple and FNU Byrd as defendants based upon an allegation that they "have [] violated [Plaintiff's] rights pursuant to the N.C. and U.S. Constitution[s]." (Doc. No. 12 at 2).

Petitioner's Motions are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 provides that once a pleading has been amended as a matter of course, the movant "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1) and (2). While leave to amend should be freely given when justice so requires,

5

Fed. R. Civ. P. 15(a)(2), the Court has discretion to deny a motion to amend when, among other reasons, amendment would be futile. Equal Rights Center v. Niles Bolton Assoc., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)).

1. North Carolina Department of Correction

Both Motions seek to add the North Carolina Department of Correction as a defendant. (Doc. Nos. 10 at 1; 12 at 1). However, because the Eleventh Amendment bars Plaintiff's request for money damages against the State of North Carolina and its various agencies, this proposed claim cannot state a constitutional claim for relief against the proposed defendant. See Savage v. N.C. Dep't of Corr., No. 5:06-cv-171-FL, 2007 WL 2904182, at *5 (E.D.N.C. Sept. 29, 2007) (for Eleventh Amendment purposes, the N.C.D.O.C. is considered an arm of the State of North Carolina and, therefore, immune from suit for monetary damages under § 1983).

2. Dennis E. Marshall, Lawrence Parsons, Kory Dalrymple and FNU Byrd

Plaintiff's conclusory allegation that Dennis E. Marshall, Lawrence Parsons, Kory Dalrymple and FNU Byrd "have [] violated [his] rights pursuant to the N.C. and U.S. Constitution[s]" cannot proceed because Plaintiff has failed to allege any facts to support a claim for relief. See Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (a claim or action should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that dismissal is appropriate where the plaintiff has relied on conclusory allegations).

It would be futile to allow Plaintiff to amend his Complaint to include the proposed allegations and/or defendants. Therefore, Plaintiff's Motions for Leave to Amend, (Doc. Nos. 10; 12), are **DENIED**.

C.  Remaining Claims

The Court finds that the remaining allegations set forth in Plaintiff's Complaint and Amended Complaint, (Doc. Nos. 1; 3), involving events that allegedly occurred in December 2010 and January 2001, are sufficient to withstand initial frivolity review. Accordingly, the Court directs Defendants Bennett, Mason, Lowery, Horne, Doe, Lyles, Curlee and Horne to respond to those allegations.

D.  Motions for Copies

The final Motions before the Court involve Plaintiff's request for copies. On September 13, 2011, Plaintiff filed a motion requesting a free copy of "all of his exhibits filed in this action." (Doc. No. 16). However, other than noting his indigence, Plaintiff failed to explain why he needs the Court to provide him with copies of documents that he provided to the Court. Consequently, this Motion, (Doc. No. 16), is **DENIED**.

On November 2, 2011, Plaintiff filed a motion "requesting a copy of all documents filed in this Court in the above civil case number." (Doc. No. 17). In support of this Motion, Plaintiff states that on or about September 20, 2011, Plaintiff's legal documents from this action were confiscated by the Unit Manager Jeffrey Wall without any justification." (Id.). Plaintiff asserts that without copies of these documents, he will be unable to litigate his case. (Id.). The Court finds Plaintiff's explanation sufficient and Plaintiff's second Motion for Copies, (Doc. No. 17), is **GRANTED**.

**IT IS, THEREFORE, ORDERED** that:

1.  Plaintiff's Motions for Reconsideration, (Doc. Nos. 4; 9; 11; 15), are **DENIED**;
2.  Plaintiff's Motions for Leave to Amend, (Doc. Nos. 10; 12), are **DENIED**;
3.  Plaintiff's Motion for Copies, (Doc. No. 16), is **DENIED**;

4. Plaintiff's Motion for Copies, (Doc. No. 17), is **GRANTED** and the Clerk is directed to send copies of all documents filed in this action to Plaintiff;

5. The Clerk shall prepare process for Defendants Bennett, Mason, Lowery, Horne, Doe, Lyles, Curlee and Horne and deliver it to the U.S. Marshal;

6. The U.S. Marshal shall serve process upon Defendants;

7. Defendants shall file responses to Plaintiff's allegations in accordance with the Federal Rules of Civil Procedure; and

8. The Clerk shall send a copy of this Order to Plaintiff.

Signed: January 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge